**Joseph C. KILCULLEN,
Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT
OF TRANSPORTATION,
Defendant–Appellee.**

No. 02–7616.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2003.

Joseph Hein, Altamont, NY, for Appellant.

Andrea Oser, Assistant Solicitor General (Daniel Smirlock, Deputy Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Appellee.

PRESENT: WINTER, LEVAL, and CABRANES, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of January, two thousand and three.

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that this appeal be and it hereby is DISMISSED.

Plaintiff–Appellant Joseph C. Kilcullen filed the Complaint in the instant action on December 26, 1996, seeking monetary damages from his former employer, the New York State Department of Transportation ("DOT"), pursuant to Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 *et seq.* On August 6, 1998, the DOT filed a motion for summary judgment pursuant to Fed. R.Civ.P. 56(b), claiming that it was immune to suit under the ADA pursuant to the Eleventh Amendment. The District Court granted the DOT's motion to dismiss on January 19, 1999, holding that the DOT was entitled to qualified immunity because it had not waived its Eleventh Amendment right to assert sovereign immunity and because the ADA did not abrogate sovereign immunity under the Eleventh Amendment. *Kilcullen v. New York State Dep't of Transp.,* 33 F.Supp.2d 133 (N.D.N.Y.1999). We reversed the District Court's judgment, relying upon our opinion in *Muller v. Costello,* 187 F.3d 298 (2d Cir.1999), which was decided after the District Court's January 19, 1999 opinion and order, and which held that the ADA had validly abrogated states' sovereign immunity. *Kilcullen v. New York State Dep't of Transp.,* No. 99–7209, 2000 WL 1038429 (2d Cir. Jan.5, 2000) (unpublished summary order).

On February 21, 2001, following our remand of this case to the District Court, the Supreme Court held in *Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), that Title I of the ADA did not abrogate Eleventh Amendment immunity. On February 26, 2001, Kilcullen filed a motion to amend the complaint and add a claim under section 504a of the Rehabilitation Act of 1973, 29 U.S.C. § 794a. This non-dispositive motion was referred to Magistrate Judge Randolph F. Treece, who denied the motion on October 16, 2001. Magistrate Judge Treece held that the proposed amendment would be futile because, in *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn,* 280 F.3d 98 (2d Cir.2001), we held that the Rehabilitation Act did not abrogate the states' Eleventh Amendment immunity. Accordingly, he determined that, if the DOT is immune from suit pursuant to the ADA, it is also immune from suit pursuant to the Rehabilitation Act. Kilcullen then filed a motion for reconsideration of this decision, which Magistrate Judge Treece denied on November 30, 2001. Kilcullen did not file any objections to Magistrate Judge Treece's rulings with the District Court. *See* Fed. R.Civ.P. 72(a) (affording parties ten days to file objections to a magistrate judge's ruling on a non-dispositive motion and stating that "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made").

As a result of the Supreme Court's decision in *Garrett,* on October 24, 2001, the DOT filed a motion to dismiss the complaint, once again claiming that it was immune to suit under the ADA pursuant to the Eleventh Amendment. In responding to this motion, Kilcullen never argued that Magistrate Judge Treece had improperly denied the motion to amend. The District Court granted the DOT's motion to dismiss on April 24, 2002, holding that, pursuant to the Supreme Court's decision in *Garrett,* the ADA did not abrogate Eleventh Amendment sovereign immunity and that, pursuant to the District Court's own decision of January 19, 1999, the DOT did not waive its right to assert sovereign immunity.

Kilcullen timely filed a notice of appeal on May 20, 2002. On appeal, he argues only that Magistrate Judge Treece erred in denying his application to amend the complaint and add a Rehabilitation Act claim.

A district court may refer non-dispositive motions to a magistrate judge for decision. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir.2002). Pursuant to Federal Rule of Civil Procedure 72(a), where "a pretrial matter not dispositive of a claim or defense of a party is referred to [a magistrate judge] ... [w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; *a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.*" (emphasis added). This language makes clear that the failure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal. *See Spence v. Maryland Cas Co.*, 995 F.2d 1147, 1155 (2d Cir.1993). Because Kilcullen did not object in the District Court to Magistrate Judge Treece's ruling within the period allowed by the Rule 72(a) or, indeed, at any time prior to the entry of final judgment, he may not challenge that ruling in this Court.

Accordingly, the appeal is hereby DIS-MISSED.